McKinney, J.,
delivered the opinion of the Court.
The principal question in this case arises upon the codicil to the will of Armstead Moore, deceased.
The testator by his will devised and bequeathed his estate, both real and personal, to his wife, Tabitha Moore, for her life, with remainder to his eleven children, equally. By a codicil, he devised and bequeathed in trust to his three sons, William, Samuel, and Armstead Jr., in fee, “ all the property both real and personal that should he coming to his seven children, namely: John, Francis, Robert, Alexander, Mary, Louisa, and Catharine, at the death of the widow: to use, manage, and control for the benefit of the above-named seven children.” Then follows this provision: “I do will and declare, if any of my eleven children shall die without an heir of their body, that all of the property that shall ever descend to them, from me, shall return and be equally divided among the remainder of my heirs that shall be living.”
Robert Moore, one of the seven children above named, died after the decease of the testator, but before the termination of the life - estate, leaving five children, who still survive, and the question is, did the equitable estate of said Robert, devised under the will of his father, vest in his five children, trnder the provision of the codicil above recited; or did it pass in the ordinary course of descent, to his representatives, real and personal ?
For the children of Robert Moore, it is insisted that *128 the limitation over, in the event of the death of any of the eleven children of the testator without “an heir of his body,” or child, which is the obvious meaning of the word “heir,” in this, connection, is demonstrative of the intention that if he left a child, such a child should have the estate; and that it would vest in the child by implication of law.
We entertain a different opinion. It is clear that, by the previous provision in the body of the will, the eleven children of the testator took, severally, a present vested interest in the remainder, and it is equally clear that by the codicil, looking to that alone, each one of the seven children named therein, was vested with an immediate, absolute interest, subject to the possibility of its being divested on a future contingency; that is, upon the death of either without child.
In other words, the effect of this codicil was to give a present vested interest, with an executory devise or bequest over, upon the happening of the contingency provided for.
If the contingency contemplated by the limitation over, did not take place, it is clear there could be no such thing as divesting either of his absolute interest; and upon his death, leaving a child or children, such interest would be transmitted under the statutes of descent and distribution.
So far then as this question is concerned, we think the Chancellor erred in his construction of the codicil; and that other objections out of the way, the complainant, as a creditor of the estate of Robert Moore, might maintain his bill to have satisfaction of his debt out of the interest of said Robert, under his father’s will.
*129 But, upon other grounds apparent on the face of thé hill, and especially the great lapse of time: nearly twenty years having elapsed from the time the debt fell due before the filing of this bill; of which no sufficient explanation is given, to remove the presumptions of bar arising, from the delay, the demurrer was properly allowed, and the decree is affirmed.